

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Elena Coles,
Complainant,

v.

Dr. Francis J. Harvey,
Secretary,
Department of the Army,
Agency.

Appeal No. 01A52557

Agency No. ARWRAMC01JUL0003

DECISION

Complainant filed a timely appeal with this Commission from the agency's decision dated March 28, 2005, dismissing her complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq*. In her complaint, complainant alleged that she was subjected to discrimination on the bases of sex (female) and reprisal for prior EEO activity when she was subjected to a hostile work environment.

On September 16, 2002, complainant filed a civil action (identified as Civil Action No. 1:02CV01828) in the United States District Court for the District of Columbia. The record further discloses that the claims raised therein are the same as those raised in the instant complaint. The regulation found at 29 C.F.R. § 1614.107(a)(3) provides, in part, that a complaint shall be dismissed where it is the basis of a civil action filed in a United States District Court; to which complainant is or was a party. Commission regulations mandate dismissal of the EEO complaint under these circumstances so as to prevent a complainant from simultaneously pursuing both administrative and judicial remedies on the same matters, wasting resources, and creating the potential for inconsistent or conflicting decisions, and in order to grant due deference to the authority of the federal district court. *See Stromgren v. Department of Veterans Affairs*, EEOC Request No. 05891079 (May 7, 1990); *Sandy v. Department of Justice*, EEOC Appeal No. 01893513 (October 19, 1989); *Kotwitz v. USPS*, EEOC Request No. 05880114 (October 25, 1988).

06 0223
FILED
FEB - 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In this case, complainant, although she performed services at an agency facility, was not an agency employee. She was employed by a private staffing agency. The defendant in the civil action complaint brought was Kelly Services. Complainant argues that § 1614.107(a)(3) does not require dismissal here because she did not bring a civil action against the agency. Complainant is mistaken. By its terms § 1614.107(a)(3) applies where a *complainant* is a party to a civil action. There is no requirement that the agency be a defendant so long as the civil action is based on the same cause of action as the administrative EEO complaint, as is the case here. Accordingly, the agency's decision dismissing the complaint is hereby affirmed.

### STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

3                                                                01A52557

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations

NOV 1 5 2005
Date

4                                                                               01A52557

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

NOV 1 5 2005
_____
Date

*[signature]*
_____
Equal Opportunity Assistant