IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELENA COLES, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. 1:06CV00223 (RMC) |
| | ) | |
| FRANCIS J. HARVEY, | ) | |
| Secretary, Department of the Army | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANT'S MOTION TO DISMISS OR IN
## THE ALTERNATIVE FOR SUMMARY JUDGMENT

Defendant hereby moves to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and

12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure

to state a claim upon which relief can be granted.  In the alternative, Defendant moves for

summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, because there is

no genuine issue as to any material fact and Defendant is entitled to judgment as a matter of law.

 In support of this motion, Defendant respectfully submits the attached memorandum of points

and authorities, statement of material facts not in genuine dispute[1], administrative record, and a

---

[1]  To the extent that the Court may rely on matters outside of the pleadings, the Court may enter
summary judgment in favor of the defendants.  See Fed. R. Civ. P. 12(b); 56.  Plaintiff should
take notice that any factual assertions contained in the documents in support of this motion will
be accepted by the Court as true unless the plaintiff submits her own affidavit or other
documentary evidence contradicting the assertions in the documents.  See Neal v. Kelly, 963
F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7(h); 56.1 and Fed. R. Civ. P. 56(e), which
provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall
> set forth such facts as would be admissible in evidence, and shall show
> affirmatively that the affiant is competent to testify to the matters stated therein.
> Sworn or certified copies of all papers or parts thereof referred to in an affidavit

proposed order.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895

OF COUNSEL:
Louise Schmidt
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837

---

shall be attached thereto or served therewith. The court may permit affidavits to
be supplemented or opposed by depositions, answers to interrogatories, or further
affidavits. When a motion for summary judgment is made and supported as
provided in this rule, an adverse party may not rest upon the mere allegations or
denials of the adverse party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth specific facts
showing that there is a genuine issue for trial. If the adverse party does not so
respond, summary judgment, if appropriate, shall be entered against the adverse
party.

Fed. R. Civ. P. 56(e).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELENA COLES,                          )
          Plaintiff                   )
                                      )
     v.                               )    CASE NO. 1:06CV00223 (RMC)
                                      )
FRANCIS J. HARVEY,                    )
Secretary, Department of the Army     )
          Defendant.                  )
                                      )
_____ )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR
SUMMARY JUDGMENT**

Francis J. Harvey, Secretary of the Army, defendant herein, by his attorneys,

hereby submits this Memorandum in support of his Motion to Dismiss pursuant to Fed.

R. Civ. P. 12(b)(1) and 12(b)(6), or, in the alternative, for Summary Judgment pursuant to

Fed. R. Civ. P. 56.

## I. INTRODUCTION

Plaintiff ("Coles") filed the instant complaint against the Secretary of the Army

("defendant" or "the Army") in the United States District Court for the District of

Columbia on February 8, 2006. Coles seeks damages under Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e *et seq.*, arising out of her employment with Kelly

Services, Inc. ("Kelly"). In her complaint, Plaintiff alleges that she was subjected to

sexual harassment and retaliation while employed by Kelly.

1

## II. **SUMMARY OF THE ARGUMENT**

This Court lacks jurisdiction over Plaintiff's claims of discrimination because she was not an employee of the federal government, a prerequisite to stating a claim of discrimination under Title VII. Because Coles was not an employee of the Army, her complaint must be dismissed for lack of subject matter jurisdiction. Assuming *arguendo* that Coles was an Army employee, Plaintiff's claims of sexual harassment are barred by the doctrine of collateral estoppel because those claims have been raised, litigated, and ruled upon on the merits in a previous case before this Court. Furthermore, even if Coles had been an Army employee and her claims were not barred by the doctrine of collateral estoppel, summary judgment in favor of the Army would be appropriate because Coles has failed to establish a prima facie case of sexual harassment.

## III. **BACKGROUND**

Kelly Services, a temporary employment agency, hired Ms. Coles on September 6, 2000, and placed her as a medical clerk/receptionist in the Infectious Disease Clinic ("Clinic") at Walter Reed Army Medical Center ("WRAMC" or "Walter Reed"). *Coles v. Kelly Services, Inc.*, 287 F. Supp. 2d 25, 33 (D.D.C. 2003) (Hereinafter *Kelly Services)*. In the instant complaint, Coles alleges that for a period of six weeks between May 24, 2001, and July 6, 2001, she was subjected to a sexually hostile work environment at WRAMC. Specifically, Coles alleges that Sergeant (SGT) Gregory Lawrence created a hostile work environment when he allegedly sent her sexually explicit emails, swore at her or used profanity in front of her, made threatening gestures and read her email. Coles

2

also claims she overheard SGT Lawrence describing a sexual encounter he had with another woman. Complaint, Paragraphs 20 – 27. These are the same allegations raised in Plaintiff's previous suit against Kelly Services Inc. *Kelly Services, supra.*

## IV. **PROCEDURAL HISTORY**

Coles first pursued her hostile work environment and retaliation claims by filing a complaint against Kelly in this Court in September of 2002. Civil Action 02-1828 (RMC). In her complaint against Kelly, Coles alleged that from May 24, 2001 until July 6, 2001, she was subjected to a sexually hostile work environment at WRAMC. Dkt entry 1 Coles v. *Kelly Services, Inc.* Civil Action 02-1828 (RMC) (Hereinafter, Kelly Complaint). Specifically, Coles alleged that SGT Gregory Lawrence created a hostile work environment when he allegedly sent her sexually explicit emails, swore at her or used profanity in front of her, made threatening gestures and read her email. She also claimed she overheard SGT Lawrence describing a sexual encounter he had with another woman. Kelly Complaint ¶¶ 25-31. These are the very same allegations that form the basis of her current complaint against the Army. Complaint ¶¶ 20-27.

Coles' complaint against Kelly was dismissed by this Honorable Court on October 17, 2003. In its memorandum opinion, the Court analyzed the merits of Coles' complaint and determined that, as a matter of law, the alleged conduct of SGT Lawrence was not sufficiently severe and pervasive to rise to the level of sexual harassment. Coles appealed this ruling to the U.S. Court of Appeals for the DC Circuit, which affirmed this Court's dismissal. *Coles v. Kelly Services*, 105 Fed. Appx. 275, (D.C. Cir. 2004) (Unpublished.).

Coles also filed an administrative complaint with the Army on November 8, 2001. After the Army conducted a preliminary investigation into the complaint, Coles requested a hearing before an Administrative Judge of the Equal Employment Opportunity Commission (EEOC). On February 8, 2005, the EEOC Administrative Judge dismissed Coles' complaint pursuant to 29 C.F.R. 1614.107(a)(3) because Coles had filed a civil action encompassing the same allegations contained in her administrative complaint. Coles appealed the dismissal to the EEOC Office of Federal Operations (OFO). The EEOC OFO affirmed the Administrative Judge's dismissal, agreeing that the facts had previously been litigated in Coles' civil court case. The EEOC OFO also found in its opinion that Coles was not an "employee" of the Army under Title VII of the Civil Rights Act of 1964. See Complaint at Exhibit 1.

While the administrative appeal was still pending, Plaintiff filed a third suit in DC Superior Court, against Kelly Services, its attorney, and Ann Desoto, an employee of the Army, in her individual capacity, reciting facts related to sexual harassment and retaliation and alleging slander and defamation in connection with an affidavit signed by Ann Desoto and filed in the first U.S. District Court suit. That case was removed to this Court upon certification that Ms. Desoto was acting within the scope of her employment and then voluntarily dismissed with prejudice.

After the EEOC OFO ruled against Plaintiff on her administrative appeal, Coles filed the instant complaint. Plaintiff's claims should be dismissed. The issues and claims raised in this complaint have already been litigated and ruled upon by this Court, and

4

Plaintiff was not an employee of the Army and therefore cannot bring a cause of action against the Army under Title VII.

## V. LEGAL STANDARDS

### A. Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. *District of Columbia Retirement Bd. v. United States*, 657 F. Supp. 428, 431 (D.C. Cir. 1987). In evaluating whether subject-matter jurisdiction exists, the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974), overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The court is not, however, required to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Moreover, the court need not limit itself to the allegations of the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). Rather, the court may consider such materials outside the pleadings as it deems appropriate to determine whether it has jurisdiction in the case. *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992). In the instant case, the court lacks subject matter jurisdiction because Coles was not an employee of the federal government as defined by Title VII. Therefore, this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

**B.**    <u>Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).</u>

Under Federal Rule of Civil Procedure 12(b)(6), a case must be dismissed when the complaint fails to state a claim upon which relief can be granted. A district court should grant a defendant's motion to dismiss when it is clear that no relief could result under any facts consistent with the complaint's allegations. *Conley v. Gibson,* 355 U.S. 41, 45-47 (1957); *EEOC v. St. Francis Xavier Parochial School,* 117 F.3d 621, 624 (D.C. Cir. 1997). Thus, in evaluating defendant's motion, the court will assume the truth of all of the factual allegations set forth in complaint. *Doe v. U.S. Dep't. of Justice,* 753 F.2d 1092, 1102 (D.C. Cir. 1985). While the complaint is to be construed liberally, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept the plaintiff's legal conclusions. *See National Treasury Employees Union v. United States,* 101 F.3d 1423, 1430 (D.C. Cir. 1996); *Kowal v. MCI Communication Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). In the instant case, the claims raised regarding alleged sexual harassment are barred by the doctrine of collateral estoppel. Therefore, Plaintiff has failed to state a claim and the claims regarding the alleged sexual harassment should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**C.**    <u>Motion For Summary Judgment</u>

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). This remedy is not a "disfavored legal shortcut[;]" rather, it is a reasoned and careful way to

6

resolve cases fairly and expeditiously. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). In determining whether a genuine issue of material fact exists, the court must view all facts and reasonable inferences in the light most favorable to the non-moving party. *Matsushita Electrical Industrial Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Tao v. Freeh*, 27 F. 3d 635, 638 (D.C. Cir. 1994). To be "material" and "genuine," a factual dispute must be capable of affecting the substantive outcome of the case. *Anderson*, 477 U.S. at 247-48.

Summary judgment may be granted upon facts developed during administrative proceedings, the pleadings, and supplemental affidavits. *See Lujan v. National Wildlife Federation*, 497 U.S. 871,884 (1990). A party seeking summary judgment must identify those parts of the record that indicate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The party opposing summary judgment 'must do more than simply show that there is some metaphysical doubt as to the material facts....Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. The party opposing summary judgment must demonstrate that the fact in contention is material, i.e., that it might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Anderson*, 477 U.S. at 248-49.

When a plaintiff presents no evidence to support an essential element of her case, that case is subject to summary judgment. As the Supreme Court noted:

> In our view, the plain language of Rule 56(b) mandates the entry of
> summary judgment...against a party who fails to make a showing sufficient

7

to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex*, 477 U.S. at 322-23.

In an opinion issued the same day as *Celotex*, the Court explained: "If the evidence is merely colorable,...or is not significantly probative,...summary judgment may be granted.... The mere existence of a scintilla of evidence in support of Plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for Plaintiff." *Anderson*, 477 U..S. at 251-52 (internal citations omitted). In short, *Celotex* and *Anderson* have conditioned a litigant's right to a day in court on that litigant's ability to show that a practical purpose will be served by affording her that day. In the present case, there are no disputed issues of material fact, and the Defendant is entitled to summary judgment.

# VI. ARGUMENT

## A.    Cole's Complaint Should Be Dismissed Because She Was Not an "Employee" of the Army as Defined by Title VII.

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e, et seq. Congress made Title VII applicable to the federal workforce in 1972 by explicitly waiving the United States' sovereign immunity. 42 U.S.C. § 2000e-16. The Supreme Court has held that § 2000e-16 "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976).

Section 2000e-16, entitled "Employment by Federal Government," provides, in pertinent part: "All personnel actions affecting employees or applicants for employment...in military departments as defined in section 102 of title 5, United States Code...shall be made free from any discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16(a). The United States has not waived sovereign immunity for Title VII actions brought by individuals who are not federal employees. 42 U.S.C. § 2000e-16. *Bryant v. Orkand Corp.*, 407 F. Supp. 2d 29, 33 (D.D.C. 2005). Indeed, this Circuit has held that only those individuals "in a direct employment relationship with a government employer" may maintain a suit against the government pursuant to Title VII. *Spirides v. Reinhardt*, 198 U.S. App. D.C. 93, 613 F.2d 826, 829 (D.C. Cir. 1979). Title VII protects federal government employees, but independent contractors or those not directly employed are unprotected." *Zhengxing v. Nathanson*, 215

9

F. Supp. 2d 114, 116-117 (D.D.C. 2002), citing *Spirides v. Reinhardt*, 613 F.2d 826, 829 (D.C. Cir. 1979).

In the context of Title VII litigation, the D.C. Circuit has established a test for determining "employee" status. *Redd v. Summers*, 232 F.3d 933, 938-39 (D.C. Cir. 2000); *Spirides*, 613 F.2d at 829.  The court must analyze "the economic realities of the work relationship" by "considering all of the circumstances surrounding" it. *Spirides*, 613 F.2d at 831.    The threshold question is whether the defendant had a right to control the means and manner of the worker's performance. *Redd*, 232 F.3d at 938; *Spirides*, 613 F.2d at 831-32.  In addition, however, the Court must also consider four other factors: (1) the intent of the parties,  (2) whether using government contractors is justifiable as a prudent business decision, (3) the client's control over the work, and (4) whether the relationship has attributes commonly found in arrangements with employees. *Redd*, 232 F.3d at 939-40.

The undisputed facts indicate that Coles **was not** an employee of the Department of the Army.  First, WRAMC did not have the right to control the means and manner of Coles' performance.  Coles' actual employer, Kelly, provided on-site supervisors and Army personnel did not rate her performance. *See Bryant v. The Orkand Corp.*, 407 F. Supp.2d 29 (D.D.C. 2005) (where contractor provided on-site supervisors and federal agency did not rate plaintiffs' performance, federal agency did not control the means and manner of their work).

In her suit against Kelly Services, Plaintiff admitted that "[a]t all times relevant herein Linda Pree and Mona Ghounem were the Plaintiff's supervisors and were

10

employed by Kelly to oversee Kelly's Walter Reed site under Kelly's contractual agreement with the federal government." Kelly Complaint ¶ 5. Plaintiff further admitted "[t]heir duties included, but were not limited to, direct supervisory activities comprised of day-to-day operations of Kelly's business interests at Walter Reed. Kelly Complaint ¶ 6. The fact that Plaintiff now alleges that the Army maintained supervisors, does not overcome these concessions that Kelly services provided direct supervision over Plaintiff's work.

The Court in *Bryant* reviewed a case where both the contractor and the agency had on-site supervisors similar to the situation in this case, stating:

> Moreover, even though the State Department provided supervisors or task managers to each project, each contractor also provided an on-site project manager to supervise its own employees. Thus, even if the State Department retained control over the companies with whom it contracted, it did not control the contractors' employees, nor did it evaluate the performances of those employees. Benson Decl. PP 9, 16, 23. Accordingly, the Court concludes that the State Department did not control the means and manner of the plaintiffs' work, and therefore the plaintiffs were not employees, within the meaning of Title VII.

*Bryant v. Orkand Corp.*, 407 F. Supp. at 34. Similarly, Ms. Coles admitted in her previous suit that it was Kelly who provided her direct supervision. Likewise it was Kelly, and not the Army who evaluated Plaintiff's performance. See Declaration of Charles Ansley. See Defendant's Exhibit 1 (Hereinafter DEX #) at ¶ 9. Additionally, the Army did not reimburse Ms. Coles for any work-related expenses. *Id* ¶ 7. Finally, the number of hours Ms. Coles worked per week was established by the terms of the contract between Kelly Services and the U. S. Government. *Id* ¶ 8. Clearly, Kelly and not the Army controlled the means and manner of Ms. Coles' employment.

Second, the intent of the parties could not be clearer. Coles, Kelly, and the Army all agreed that Coles was an employee of Kelly, not the Army. As Plaintiff has repeatedly admitted in her pleadings before this Court, she was hired by Kelly, as their employee, and was placed at WRAMC to perform tasks in support of a contract between Kelly and the government. Complaint, ¶ 5; *see also* Kelly Complaint, ¶¶ 5 & 6. Kelly, WRAMC and Plaintiff all understood that only Kelly had the power to hire and fire Coles. *See* Complaint ¶ 38, Kelly complaint ¶ 41, *See also* Complaint ¶ 25, *Coles v. Kelly Services, Inc., et al., Case Number 04-1964 (*Hereinafter removed complaint*).*

Finally, the undisputed facts indicate that the common attributes of an employment relationship existed only between Coles and Kelly. It was Kelly, not the Army, that paid Coles and that withheld Social Security taxes and other taxes from Coles' pay. DEX 1, ¶¶ 5,6; See Also contract between Kelly and Ms. Coles (DEX 2). Additionally, Plaintiff's rate of pay was set by Kelly, not the Army. DEX 1 ¶ 6; DEX 2. Plaintiff's vacation was established by Kelly Services. DEX 2. These facts support the conclusion that the employment relationship was solely between Coles and Kelly.

The facts of this case are similar to those in both *Redd* and *Bryant,* cited *supra*, where the plaintiffs attempted to bring Title VII actions against federal agencies. In both cases, the plaintiffs were employees of companies that had entered into contracts with government agencies for the provision of services. In *Redd*, the company contracted to provide tour guides. In *Bryant*, the company contracted to provide computer support services. The plaintiffs were hired by the contractors and placed at federal agencies to perform duties. In both cases the court held that the plaintiffs were not employees of the

12

federal government. In both cases the court noted that only the contracting companies could hire or fire the plaintiffs (even if such action was at the request of the agency), and only the contracting companies provided the plaintiffs with pay and employee benefits. See *Redd*, 232 F. 3d at 940; *Bryant*, 407 F. Supp at 35.

Like the plaintiffs in *Redd* and *Bryant*, Coles was hired by a company that contracted with a federal agency, and was then placed at WRAMC to perform duties required by the contract. When a federal agency contracts with an individual to perform a specific task and pays that individual directly, there may be some debate as to whether the individual is an employee of the agency or an independent contractor. However, when an individual is hired by a private company to perform services pursuant to a contract, an application of the *Spirides* factors will invariably lead, as it should, to the conclusion that the individual is not an employee of the government for purposes of Title VII. In fact, defendant is unaware of a single reported case in this circuit where the government was deemed the employer of a government contractor's worker for purposes of Title VII. Just as the courts determined in *Redd* and *Bryant*, this Court should find that Coles was not an Army employee, and dismiss the case for lack of subject matter jurisdiction.

**B.** **Coles failed to state a claim because the issues raised in her complaint are barred by the doctrine of collateral estoppel.**

Assuming, *arguendo*, that Coles was an Army employee, the issues raised in her instant complaint regarding the alleged sexual harassment are barred by collateral estoppel, because they have been raised and decided in previous litigation. The doctrine of collateral estoppel provides that once a court has decided an issue of fact or law necessary to its judgment, that decision precludes relitigation of the issue in a suit on a

13

different cause of action involving a party to the first case. *Montana v. United States*, 440

U.S. 147, 153 (1979); *Allen v. McCurry*, 449 U.S. 90, 94, (1980); *Carter v. Rubin,* 14 F.

Supp. 2d 22, 34 (D.D.C. 1998). Collateral estoppel prevents relitigation of issues

"actually and necessarily decided" in a prior lawsuit. *I.A.M. Nat'l Pension Fund v.*

*Industrial Gear Mfg. Co.,* 723 F.2d 944, 949 (D.C. Cir. 1983). The D.C. Circuit has

stated that, "[c]ollateral estoppel is an extremely useful device for reducing the crush of

litigation in the trial courts, and it goes a long way toward eliminating inconsistent

decisions in cases with identical fact patterns and a common party." *Stebbins v. Keystone*

*Insurance Co.,* 481 F. 2d 501, (D.C. Cir. 1973).

      Plaintiff filed suit against Kelly in this Court in September of 2002, alleging

sexual harassment and retaliation while performing her duties at WRAMC. The

allegations of sexual harassment raised in that suit are the very same allegations Coles

now raises in the instant case. In the case against Kelly, this court granted summary

judgment for the defendant, ruling as a matter of law that the alleged conduct of SGT

Lawrence was not severe or pervasive enough to amount to sexual harassment. *Coles v.*

*Kelly Services, Inc.*, 287 F. Supp. 2d 25, 33 (D.D.C. 2003).

      The instant case highlights the value and wisdom of the long-established collateral

estoppel doctrine. There is no need for this Court to spend time reviewing the same set of

facts and once again analyzing whether the alleged conduct of SGT Lawrence was

sufficiently severe and pervasive to create a hostile work environment. The issues raised

in Plaintiff's complaint have been litigated and decided. Coles should not be given

another bite at the apple to rehash these baseless allegations, all of which have been

14

raised and resolved in previous litigation. Coles is collaterally estopped from proceeding with her claim of sexual harassment.

**C.    Coles has failed to establish a prima facie case of sexual harassment.**

To recover under Title VII, a plaintiff must first establish a prima facie case of discrimination. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). If she does so, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for taking the action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The burden on the employer is one of production rather than proof or persuasion. *Burdine*, 450 U.S. at 254. If the employer meets this burden of articulating a non-discriminatory reason for its action, the complainant must then prove by a preponderance of the evidence that the employer's articulated reasons are a pretext for discrimination. *Id.* The "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.* Furthermore, a "reason cannot be proved to be 'a pretext for discrimination' unless it is shown *both* that the reason was false *and* that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 113 S. Ct. 2742, 2752 (1993) (emphases in original).

To establish a prima facie case of hostile work environment harassment, the employee must show: (1) she is a member of a protected class; (2) the conduct was unwelcome; (3) the harassment was based on membership of the protected class; (4) the conduct was sufficiently severe and pervasive to alter the conditions of her employment or create an abusive working environment; (5) the employer knew or should have known

15

about the condition but failed to act.[1] *Clipper v. Billington*, 414 F.Supp.2d 16 (D. D. C. 2006); citing *Lathram v. Snow*, 336 F.3d 1085 (D.C. Cir. 2003). In this case, Plaintiff cannot establish the 3rd and 4th elements of the prima facie case set out above.

Plaintiff claims that SGT Lawrence created a hostile work environment when he allegedly: (1) sent sexually explicit emails to a group of people including Coles; (2) used profanity towards or around her; (3) made threatening gestures towards her; (4) discussed a sexual encounter he had with another woman; and (5) read her email. Even if Plaintiff's allegations were true, these allegations fail to establish a prima facie case of hostile work environment harassment.

### 1. **Plaintiff cannot establish that the alleged acts occurred because of her gender.**

To prevail on a sexual harassment claim, Plaintiff must show that the offensive conduct was motivated by her gender. *Stewart v. Evans*, 275 F.3d 1126, 1134 (D.C. Cir. 2002). Workplace harassment does not violate Title VII merely because the "words used have sexual content or connotation," but only if members of one sex are disadvantaged in the terms or conditions of their employment because of the harassment. *Oncale v. Sundowner Offshore Serv., Inc.*, 523 U.S. 75, 80, (1998). Title VII is not a "general civility code for the American workplace," *id.* at 80, nor does it serve as a remedy for all instances of verbal or physical harassment, for it does not "purge the workplace of vulgarity." *Baskerville v. Culligan Int'l Co.*, 50 F. 3d 428, 430 (7th Cir. 1995).

Coles complains that SGT Lawrence allegedly yelled at her, used profanity and threatening gestures, and read her e-mail. There is no reason to believe that this conduct,

---

[1] The defendant does not address the fifth prong herein, but does not concede this element of the case.

if it happened at all, was motivated by Coles' gender. There is no evidence, and no basis to infer, that SGT Lawrence took any action based on Plaintiff's gender. While the alleged actions may demonstrate animosity between these two co-workers, this assumption alone does not constitute unlawful bias.

### 2. The alleged acts of harassment are not sufficiently severe or pervasive to establish a hostile work environment.

The legal standard for determining whether a plaintiff has set forth a hostile or abusive work environment was established by the United States Supreme Court in *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993). A hostile work environment exists only "when the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' . . . that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[.]" *Id.* at *21*(quoting *Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65, 67, 91 L. Ed. 2d 49, 106 S. Ct. 2399 (1986))*. "Not all abusive behavior, even when it is motivated by discriminatory animus, is actionable." *Barbour v. Browner, 337 U.S. App. D.C. 50, 181 F.3d 1342, 1347 (D.C. Cir. 1999)*.

In determining whether a work environment is hostile, the Court must examine the totality of the circumstances, including: (1) the frequency of the alleged conduct; (2) its severity; (3) whether it was physically threatening or humiliating; and (4) whether it unreasonably interfered with the employee's work performance. *Id.* at 21-22. Conduct amounts to actionable harassment only if it is so severe and pervasive, that a *reasonable person* would find that it created a hostile or abusive work environment. *Marshall v. James*, 276 F. Supp 2d 41 (D.D.C. 2003).

"Harassment" must be more than episodic; to be pervasive, it must be sufficiently continuous. *Russ v. Van Scoyoc Assoc.. Inc.,* 122 F. Supp. 2d 29, 32-33 (D.D.C. 2000). The D.C. Circuit has held that "casual or isolated manifestations of a discriminatory environment may not raise a cause of action for hostile work environment." *Park v. Howard University,* 71 F.3d 904, 906 (D.C. Cir. 1995) (citations omitted). Further, this Circuit has held that "even a few, isolated incidents of offensive conduct do not amount to actionable harassment." *Stewart,* 275 F .3d at 1134 (citing *Hopkins v. Baltimore Gas & Electric Co.,* 77 F.3d 745, 753 (4th Cir. 1996)) (granting summary judgment to the employer, holding numerous allegations of unwanted sexual comments and innuendoes over several years were not sufficiently severe or pervasive); *Baskerville v. Culligan Int'l Co.,* 50 F.3d 428, 430 (7th Cir. 1995) (holding that nine incidents spread over seven months did not constitute severe or pervasive sexual harassment).

Plaintiff contends that over a short six-week period, a co-worker yelled at her and used profanity, sent her five to ten sexually inappropriate emails, read her email, and described a sexual encounter in her presence. These allegations, even if true, are simply insufficient to establish that she was subjected to severe and pervasive mistreatment. She cannot establish, nor does she even allege, that her work environment was "permeated with discriminatory behavior." *Childers v. Slater,* 44 F. Supp. 2d 8, 28 (D.D.C. 1999). As the Supreme Court has stated, a "mere utterance, which engenders offensive feelings in an employee, does not sufficiently affect the conditions of employment to implicate Title VII." *Harris,* 510 U.S. at 22. Because Coles' allegations do not amount to severe and

18

pervasive mistreatment, she cannot establish a prima facie case of harassment, and the Army is entitled to summary judgment.

## VII. CONCLUSION

Plaintiff's claims are fatally deficient for numerous reasons. First, Plaintiff has failed to establish this Court's jurisdiction as she was never an employee of the federal government, a prerequisite to stating a claim of discrimination under Title VII. Second, the claims raised in the instant complaint are barred by the doctrine of collateral estoppel because they have been raised, litigated, and decided on the merits in a previous case before this Court. Third, even if Coles had been an Army employee and her claims were not barred by the doctrine of collateral estoppel, summary judgment in favor of the Army would be appropriate, because Coles has failed to establish a prima facie case of sexual harassment.

For the reasons stated above, the defendant respectfully requests that the Court grant defendant's motion to dismiss, or in the alternative, grant summary judgment in favor of the defendant.

19

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s

RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895

OF COUNSEL:
Louise Schmidt
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELENA COLES,             )
      Plaintiff         )
                )
      v.             )     CASE NO. 1:06CV00223 (RMC)
                )
FRANCIS J. HARVEY,     )
Secretary, Department of the Army   )
      Defendant.     )
                )
_____)

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**
**<u>WHICH ARE NOT IN GENUINE DISPUTE</u>**

Pursuant to LCvR 7(h) and in support of Defendant's Motion for Summary Judgment, Defendant respectfully submits this statement of material facts as to which there are no genuine disputes.

1. Kelly Services, a temporary employment agency, hired Ms. Coles on September 6, 2000, and placed her as a medical clerk/receptionist in the Infectious Disease Clinic ("Clinic") at Walter Reed Army Medical Center ("WRAMC" or "Walter Reed"). *Coles v. Kelly Services, Inc.*, 287 F. Supp. 2d 25, 33 (D.D.C. 2003) (Hereinafter *Kelly Services* or *Kelly).*

2. These are the same allegations raised in Plaintiff's previous suit against Kelly Services Inc. *Kelly Services, supra.*

3. Coles first pursued her hostile work environment and retaliation claims by filing a complaint against Kelly in this Court in September of 2002. Civil Action 02-1828 (RMC).

4. In her complaint against Kelly, Coles alleged that from May 24, 2001 until July 6, 2001, she was subjected to a sexually hostile work environment at WRAMC. Dkt entry 1, *Coles* v. *Kelly Services, Inc.* Civil Action 02-1828 (RMC) (Hereinafter, Kelly Complaint).

1

5.  In her complaint against Kelly, Plaintiff alleged that SGT Gregory Lawrence created a

hostile work environment when he allegedly sent her sexually explicit emails, swore at her or

used profanity in front of her, made threatening gestures and read her email.  She also claimed

she overheard SGT Lawrence describing a sexual encounter he had with another woman. Kelly

Complaint ¶¶ 25-31.

6.  These are the very same allegations that form the basis of her current complaint against the

Army. Complaint ¶¶ 20-27.

7.  Coles' complaint against Kelly was dismissed by this Honorable Court on October 17, 2003.

8.  Plaintiff was supervised by Kelly Services.  In her suit against Kelly Services, Plaintiff

admitted that "[a]t all times relevant herein Linda Pree and Mona Ghounem were the Plaintiff's

supervisors and were employed by Kelly to oversee Kelly's Walter Reed site under Kelly's

contractual agreement with the federal government." Kelly Complaint ¶ 5.

9.  Plaintiff further admitted "[t]heir duties included, but were not limited to, direct supervisory

activities comprised of day-to-day operations of Kelly's business interests at Walter Reed. Kelly

Complaint ¶ 6.

10.  Kelly Services employees evaluated Plaintiff's performance. Declaration of Charles Ansley

(DEX 2) ¶ 9.

11.  The Army did not reimburse Ms. Coles for any work-related expenses.  *Id* ¶ 7.

12.  The number of hours Ms. Coles worked per week was established by the terms of the

contract between Kelly Services and the U. S. Government. *Id* ¶ 8.

13.  Plaintiff was hired by Kelly, as their employee, and was placed at WRAMC to

perform tasks in support of a contract between Kelly and the government.  Complaint, ¶

5; *see also* Kelly Complaint, ¶¶ 5 & 6.

2

14. Kelly, WRAMC and Plaintiff all understood that only Kelly had the power to hire and fire Coles. *See* Complaint ¶ 38, Kelly complaint ¶ 41, *See also* Complaint ¶ 25, *Coles v. Kelly Services, Inc., et al., Case Number 04-1964 (*Hereinafter removed complaint*)*.

15. It was Kelly, not the Army, that paid Coles and that withheld Social Security taxes and other taxes from Coles' pay. DEX 2 ¶¶ 5,6; DEX 3.

16. Additionally, Plaintiff's rate of pay was set by Kelly, not the Army. DEX 2 ¶ 6, DEX 3.

17. Plaintiff's vacation was established by Kelly Services. DEX.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895


OF COUNSEL:
Louise Schmidt
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837

3

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of ___ 2006, I caused the foregoing Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment with attached memorandum of points and authorities, statement of material facts not in genuine dispute, attachments and a proposed order, to be served on *Pro Se* Plaintiff, by first class mail, postage prepaid addressed as follows:

ELENA COLES
10118 Campus Way S.
Apartment 203
Upper Marlboro, MD 20774

KEVIN ROBITAILLE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530