# Defendant's Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELENA COLES, )
    Plaintiff )
)
v. ) CASE NO. 1:06CV00223
)
FRANCIS J. HARVEY, )
Secretary, Department of the Army )
    Defendant. )

## DECLARATION OF CHARLES ANSLEY

I, Charles Ansley, make the following declaration pursuant to the provisions of 28 U.S.C. § 1746. I understand that this declaration is the equivalent of a sworn affidavit.

1. I currently am employed as a Supervisory Health System Specialist for the Department of Medicine, assigned as the Administrator for the Nephrology Service at Walter Reed Army Medical Center ("WRAMC"), located in Washington, D.C. From April 1999 through October 2004, I was employed as a Health Systems Specialist in the Infectious Disease Clinic ("Clinic") at WRAMC. My duties in that position included overall management responsibility for the administration of the Clinic, including management of administrative support personnel. I was assisted in this responsibility by Ms. Ann Desoto. The Clinic provided outpatient services to active duty and retired military personnel and their family members. The Clinic was located in Building 2 on the WRAMC installation.

2. During the period September 2000 through July 2001, WRAMC management provided secretarial/receptionist services to the Clinic through a U. S. Government contract with Kelly Services, Inc. The contractor, Kelly Services, assigned their employee, Ms. Elena Coles, to perform these services beginning on or about September 6, 2000. Ms. Coles performed secretarial/receptionist services at the Clinic until July 6, 2001.

1

3. One or two Kelly Services employees staffed an office in the WRAMC Headquarters located in Building 1. They were responsible for supervising the Kelly Services' employees assigned to locations on the WRAMC installation, including Ms. Coles.

4. Ms. Coles was paid by Kelly Services, not the Army.

5. Because Kelly Services paid Ms. Coles, the Army did not withhold social security taxes or other taxes from Ms. Coles' pay.

6. Ms. Coles' rate of pay was set by Kelly, not the Army.

7. The Army did not reimburse Ms. Coles for any work-related expenses.

8. The number of hours Ms. Coles worked per week was established by the terms of the contract between Kelly Services and the U. S. Government.

9. Army personnel did not prepare performance appraisals for Ms. Coles or otherwise rate her performance in the provision of services for the Clinic.

I declare under penalty of perjury under that the foregoing statement is true and correct to the best of my knowledge.

Executed on: 22 Sep 06

CHARLES ANSLEY