**Capital Reporting Company**

SHEET 1  PAGE 1

```
                                                         1

 1           EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                     WASHINGTON FIELD OFFICE
 2              1400 L Street, Northwest, Suite 200
                       Washington, D.C.  20005
 3
     ---------------------------------:
 4   ELENA A. COLES,                  :         ORIGINAL
                                      :
 5              Complainant,          :
                                      :
 6        v.                          : EEOC No.:
                                      : 100-2004-00353X
 7   U.S. DEPARTMENT OF THE ARMY,     : Agency No.:
                                      : ARWRAMC01JUL0003
 8              Respondent.           :
     ---------------------------------:
 9
                                           Washington, D.C.
10
                                   Monday, October 18, 2004
11
     Deposition of:
12

13                      CHARLES ANSLEY

14   called for oral examination by counsel for

15   Complainant, pursuant to notice, at the Law

16   Offices of Frederick J. Brynn, 922 Pennsylvania

17   Avenue, Southeast, Washington, D.C., before

18   Shari R. Broussard of Capital Reporting, a

19   Notary Public in and for the District of Columbia,

20   beginning at 10:07 a.m., when were present on behalf

21   of the respective parties:

22
```

PLAINTIFF'S EXHIBIT "E"

**Capital Reporting Company**

SHEET 8  PAGE 8

8

| | | |
|---|---|---|
| 1 | Q | How long have you worked for them? |
| 2 | A | About 20 years. |
| 3 | Q | What's your occupation? |
| 4 | A | Health systems specialist. |
| 5 | Q | And what are your responsibilities and |
| 6 | | duties? |
| 7 | A | Mostly administrative, department-level |
| 8 | | tasks such as budgeting, supervising, overseeing |
| 9 | | the other employees there. |
| 10 | Q | So you consider yourself kind of like a |
| 11 | | supervisor, correct? |
| 12 | A | Right. |
| 13 | Q | Do you know Ms. Coles present here today? |
| 14 | A | Yes. |
| 15 | Q | In what capacity? |
| 16 | A | She was an employee at Walter Reed. |
| 17 | Q | When did Ms. Coles commence working for |
| 18 | | the clinic? |
| 19 | A | I can't remember that. |
| 20 | Q | How was she hired into the clinic? |
| 21 | A | Through a contract agency. |
| 22 | Q | Did you contact Ms. Coles to come and |

**Capital Reporting Company**

SHEET 9 PAGE 9

9

```
 1       work for the clinic?
 2            A    Yes, I did.
 3            Q    You did.  Why was that?
 4            A    Because she's a good worker.
 5            Q    So Ms. Coles had worked for the clinic
 6       before?
 7            A    Yes.
 8            Q    And you stated that she's a good
 9       employee, she was a good worker?
10            A    Right.
11            Q    She performed her job well?
12            A    Right.
13            Q    Correct?
14            A    Uh-huh.
15            Q    So let me understand you.  So she worked
16       there before 2000.  Do you remember like the year
17       that she had worked there before?
18            A    Not accurately, no.
19            Q    What about around 1998?
20            A    I thought it was in 2000.
21            Q    But the reason why you, you know, called
22       Ms. Coles was because she had done a really good
```

**Capital Reporting Company**

SHEET 25   PAGE 25

25

1  discrepancies before July 6th; is that correct?
2    A   Yes.
3    Q   There was no documentation of work
4  performance problems before July 6th?
5    A   No.
6    Q   So you never had any personal knowledge
7  of any time discrepancies in her timecards or her
8  work performance?
9    A   No.
10    Q   So everything that you know at this point
11  in time of what happened July 6th of 2001 is
12  because you heard it from someone else?
13    A   You can say that, yes.
14    Q   Mr. Ansley, Ann DeSoto said the same
15  thing, that she had no personal knowledge of the
16  incident or --
17    MR. STOTTLEMYER:  Objection.
18  BY MR. ALFARO:
19    Q   -- time discrepancies.
20    MR. STOTTLEMYER:  Objection.  I think
21  that's a mischaracterization of what she had to say
22  in the first place and, secondly, to make

1000 Connecticut Avenue, NW, Suite 505
Washington, D.C. 20006
202.857.DEPO (3376) www.CapitalReportingCompany.com