IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELENA COLES,<br>　　　Plaintiff<br><br>　　　v.<br><br>FRANCIS J. HARVEY,<br>Secretary, Department of the Army<br>　　　Defendant. | )<br>)<br>)<br>)   CASE NO. 1:06CV00223(RMC)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Plaintiff's Opposition to Defendant's Motion to Dismiss or in the alternative for Summary Judgment (hereinafter "Plt's Opp.") is replete with conclusory assertions that fail to establish any basis precluding dismissal or any genuine issue of material fact precluding summary judgment.  As an antecedent issue, Plaintiff fails to establish subject matter jurisdiction over her complaint because she cannot establish that she was an employee of the federal government.  Even if this Court concludes subject matter jurisdiction exists, Plaintiff's discrimination claims are nonetheless barred by collateral estoppel because these claims were previously litigated before this Court.  Plaintiff fails to provide this Court with any legal basis upon which it could distinguish its prior ruling that the alleged harassment was, as a matter of law, insufficiently severe or pervasive to establish a hostile work environment.

Lastly, Plaintiff's Opposition fails to rebut Defendant's argument that the alleged sexual harassment, as a matter of law, was not severe and pervasive or based on sex. Thus, even assuming, *arguendo*, that Plaintiff is not estopped from re-litigating her sexual harassment claim,

Defendant is entitled to summary judgment because Plaintiff has not established a *prima facie* case of sexual harassment.

      **A.**    **Plaintiff Fails to Raise a Material Issue of Fact Establishing Subject Matter Jurisdiction as to Her Status as a Contractor Employee, Versus a Federal Employee, for Title VII Jurisdiction Purposes**

Plaintiff asserts that Defendant's reliance on *Redd v. Summers*, 232 F.3d 933 (D.C. Cir. 2000) and *Spirides v. Reinhardt*, 613 F.2d 826 (D.C. Cir. 1979) is misplaced and urges the Court to analyze her employment status under *NLRB v. Browning-Ferris Indus. of Pennsylvania*, 691 F.2d 1117 (3rd Cir. 1982). Although the Court of Appeals in *Redd* acknowledged that it had never before used *Spirides* to resolve an issue of joint employment, it, nonetheless, applied the *Spirides* test to determine that the plaintiff, an employee of a company with a contract to provide services to a federal agency, was not a federal employee for Title VII jurisdiction purposes. Defendant's reliance on *Redd* and *Spirides* is, therefore, appropriate.

However, even assuming *arguendo* that the *NLRB v. Browning-Ferris* test applies, Plaintiff fails to establish that she is Defendant's employee. *NLRB v. Browning-Ferris* instructs that a joint employment relationship may exist if "one employer[,] while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer." 691 F.2d at 1123. The material, undisputed facts indicate that Kelly, and not the Army, was Plaintiff's employer. For example, Plaintiff does not dispute that Kelly provided on-site supervision and that Army personnel did not rate her performance. (Defendant's Exhibit 1 &2).[1]

---

[1] Without any factual support, Plaintiff states she "reported directly to Ann DeSoto." Plaintiff's Affidavit ¶ 16. However, she admitted in her suit against Kelly that Linda Pree and Mona Ghounem were her supervisors and were employed by Kelly to oversee Kelly's Walter

Plaintiff does not dispute that the Army did not reimburse her for any work-related expenses and the number of hours she worked per week was established by the terms of the contract between Kelly and the US Government.  *Id*.  Likewise, Plaintiff does not dispute that Kelly established and controlled her vacation, set her rate of pay, paid her and withheld payroll taxes *Id*. Lastly, it is also undisputed that only Kelly had the ability to terminate Plaintiff's employment.  *Id*.

Additionally, Plaintiff fails to distinguish *Bryant v. The Orkand Corp.*, 407 F. Supp.2d 29 (D.D.C. 2005), a case cited by Defendant in its opening memorandum and is fully on point with the case at bar.  The Court in *Bryant* reviewed a case where both the contractor and the agency had on-site supervisors similar to the situation in this case and determined that the plaintiffs were not employees within the meaning of Title VII, because defendants did not control the means and manner of the plaintiffs' work.  *Id*. at 34.  Like *Bryant*, the Army contracted to provide support services and Plaintiff was hired by Kelly and placed with the Army to perform these duties.  Again like *Bryant*, only Kelly could hire or fire the Plaintiff (even if such action was at the request of the agency), and only Kelly provided the plaintiffs with pay and employee benefits. *Id.* at 35.  Thus, in the instant case it is clear that Kelly controlled the "means and manner" of Plaintiff's work , e.g., pay, hours, vacation, performance rating, and supervision.

Plaintiff's only response to these facts is her unsupported statement that "Department of the Army retained exclusive control over every aspect of the 'means and manner' of [her] job duties. (Plt.'s Opp., p. 12).  Plaintiff's conclusory statement does  not meet her burden to

---

Reed site under Kelly's contractual agreement with the federal government. (Complaint, *Coles v. Kelly*,  Complaint ¶  5 & 6.).  Plaintiff cannot create a genuine issue of material fact based on a self-serving statement with no evidentiary support.  *See FritoLay v. Willoughby*, 862 F.2d 1029 (D.D. Cir. 1988).

establish subject matter jurisdiction. Defendant did not control the terms and conditions of Plaintiff's employment to a sufficient degree to cause Plaintiff to become Defendant's employee and, therefore, this Court does not have subject matter jurisdiction over Plaintiff's complaint.

### B. Plaintiff Fully Litigated Her Sexual Harassment Claims in Her Case Against Kelly Services

Plaintiff's prior suit against Kelly Services ("Kelly"), brought in this Court in September of 2002, alleged that Sergeant ("SGT") Gregg Lawrence made sexually explicit comments to her, emailed her sexually explicit pictures and made physically threatening gestures toward her. The allegations of sexual harassment raised in that suit are the very same allegations Coles now raises in her suit against the Army. *Compare* Complaint ¶¶ 20-26, *Coles v. Kelly Service, Inc.*, 02cv01828 *with* Complaint, ¶¶ 25-31, *Coles v. Harvey*, 06cv00223. In the case against Kelly, this Court granted summary judgment for the defendant, ruling as a matter of law that the alleged conduct of SGT Lawrence was not severe or pervasive enough to amount to sexual harassment. *Coles v. Kelly Services, Inc.*, 287 F. Supp. 2d 25, 33 (D.D.C. 2003), *aff'd*, *Coles v. Kelly Servs.*, 105 Fed. Appx. 275 (D.C. Cir. 2004).

Plaintiff does not dispute that she brings the same sexual harassment claims in her instant complaint that she previously brought against Kelly in 2002. (Plt's Opposition p. 10). Instead, Plaintiff attacks this Court's 2002 decision as "defective" in three respects: 1) the Department of the Army provided a "sham" affidavit in defense of Kelly and Plaintiff was denied the opportunity to conduct discovery in order to oppose the "sham" affidavit; 2) the issue of "joint employment" was not previously litigated, and 3) she could not raise claims against the Army

because she had not yet exhausted her administrative remedies. Plaintiff's assertions are misplaced.

### 1) DeSoto's affidavit

Plaintiff alleges that the affidavit provided by Ms. Ann DeSoto, a Department of the Army employee, and used by Kelly in support of its motion for summary judgment was a "sham". (Plt's Opp. p. 10). Specifically, Plaintiff challenges the affidavit by alleging that DeSoto did not have first hand knowledge of its contents. (Plt's Statement of Genuine Issues, ¶ 44; DeSoto Deposition pp. 24-25, 27, Plt's Exhibit D to Opposition).

First, Plaintiff made the same unsuccessful argument – that DeSoto did not have first hand information – in her Opposition to Kelly's Motion for Summary Judgment. Plaintiff had ample opportunity to develop a factual record regarding the DeSoto affidavit. For example, she opposed the DeSoto Affidavit and fully litigated its admissibility before this Court and the Court of Appeals (*Id.*, *aff'd*, 105 Fed. Appx. 275) and deposed DeSoto during the Equal Employment Opportunity Commission proceedings. (See Defense Exhibit 3).

Second, Plaintiff continues to misunderstand and mischaracterize the DeSoto Affidavit. DeSoto's Affidavit does not allege that she personally witnessed the events of July 6, 2001. Rather, DeSoto's Affidavit clearly recounts, based on her own personal knowledge, what she told Mona Ghounem at Kelly Services on July 9, 2001.[2] The information in DeSoto's Affidavit – that

---

[2] Specifically, DeSoto explains that on July 9, 2001, she told Ghounem that (1) Plaintiff had quit her job in the Infectious Disease Clinic at WRAMC; (2) WRAMC was not satisfied with Plaintiff's behavior toward staff or patients because WRAMC discovered a discrepancy with Plaintiff's timecard, that WRAMC had received complaints from patients about Plaintiff, that Plaintiff was rude to patients and coworkers and that Plaintiff had slapped a coworkers hand; (3) WRAMC wanted Kelly Services to send it a replacement for Plaintiff. (See Desoto Aff. ¶¶ 5-8, Exhibit D to Plt's Opposition.)

DeSoto communicated to Kelly Services that Plaintiff had performance problems – was not offered by Kelly to establish the truth of the matter asserted, i.e. that Plaintiff had performance problems, but rather to show that DeSoto communicated the information to Kelly Services. DeSoto provided the affidavit based on her personal knowledge of the conversation. (*See* DeSoto Deposition pp. 23-34, Defense Exhibit 3).

Third, DeSoto's affidavit has no relevance to the Defendant's collateral estoppel defense. Summary judgment was granted to Kelly regarding Plaintiff's sexual harassment claims, because Plaintiff could not establish, as a matter of law, that the alleged harassment was sufficiently severe or pervasive. However, DeSoto's affidavit only addresses Kelly's determination to remove her from working at Walter Reed, the factual predicate for Plaintiff's retaliation claim against Kelly. The DeSoto affidavit had no bearing on this Court's holding regarding Plaintiff's sexual harassment claims. *Coles*, 287 F. Supp. 2d at 33.

### 2) The issue of "joint employment" is irrelevant to Defendant's collateral estoppel defense

Plaintiff seeks to avert dismissal of her sexual harassment claims by asserting that the issues of "joint employment" were not fully litigated before the Court in her case against Kelly. However, this issue is irrelevant to the Court's grant of summary judgment to Kelly. This Court held that SGT Lawrence's conduct was not sufficiently severe or pervasive, as a matter of law, to constitute sexual harassment. Defendant's argument in the instant complaint that Plaintiff is not Defendant's employee would have no bearing on this issue. For example, Plaintiff's employment status has nothing to do with the frequency and severity of the alleged comments and emails - an inference supported by Plaintiff alleging substantively identical conduct on the

6

part of SGT Lawrence in both complaints. *Compare* Complaint ¶¶ 20-26, *Coles v. Kelly Service, Inc.*, 02cv01828 *with* Complaint, ¶¶ 25-31, *Coles v. Harvey*, 06cv00223. The operative facts putatively supporting the severity and pervasiveness of Plaintiff's sexual harassment claim are wholly independent of whether Plaintiff was employed by Kelly, Defendant, or both.

### 3) Plaintiff could have joined the Army in her suit against Kelly, but chose not to do so

Plaintiff makes the conclusory assertion that she had not exhausted her administrative remedies against the Army at the time she filed her complaint against Kelly and, therefore could not have sued the Army in the same civil action brought against Kelly. Plaintiff's assertion is misplaced. Plaintiff filed her formal complaint of discrimination with Defendant's EEO office on October 3, 2001. (Formal Complaint, Defense Exhibit 4). On that same date, Defendant's EEO counselors informed Plaintiff that she could file a civil action in District Court after 180 days. (Aggrieved Person's Rights and Responsibilities, Defendant's Exhibit 5).[3] Thus, Plaintiff could have filed her civil action against the Army as early as April 1, 2002, i.e., 180 days after filing her formal complaint. Plaintiff filed her civil action against Kelly on September 16, 2002, choosing only to proceed against Kelly.

### CONCLUSION

---

[3] An aggrieved employee may proceed to district court pursuant to Title VII under 29 C.F.R. § 1614.407 if their civil action is filed within one of the following deadlines:
  (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal is filed;
  (b) After 180 days from the date of the filing of an individual or class complaint if no appeal has been filed and no final action has been taken;
  (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
  (d) Within 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.
*See* 29 C.F.R. §1614.407; *see also* 42 U.S.C. § 2000e-16(c).

For the foregoing reasons and those set forth in Defendant's Motion to Dismiss or in the alternative Motion for Summary Judgment, the Court should grant Defendant's motion. Plaintiff has not established that she is Defendant's employee and, therefore, the Court lacks subject matter jurisdiction over her complaint. Even if this Court finds subject matter jurisdiciton over the Complaint, Plaintiff's sexual harassment claims are barred by collateral estoppel, because they were fully litigated in her previous suit against Kelly. Even assuming that Plaintiff is not estopped from bringing her sexual harassment claim, Plaintiff has failed to establish a *prima facie* case.

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar # 434122
Assistant United States Attorney


_____/s_____
STEVEN M. RANIERI
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

OF COUNSEL:
Louise Schmidt
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, VA  22203-1837

## CERTIFICATE OF SERVICE

      I hereby certify that on this 27th day of November, 2006, I caused the foregoing Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment with exhibits, and Notice of Appearance of the undersigned, to be served on Pro Se Plaintiff, by first class mail, postage prepaid addressed as follows:

    Elena Coles
    10118 Campus Way South, #203
    Upper Marlboro, MD 20774


                                _____/s_____
                                STEVEN M. RANIERI
                                Special Assistant U.S. Attorney
                                555 Fourth Street, N.W.,
                                Washington, D.C. 20530
                                (202) 353-9895