IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELENA COLES,<br>      Plaintiff<br><br>      v.<br><br>FRANCIS J. HARVEY,<br>Secretary, Department of the Army<br>      Defendant. | )<br>)<br>)<br>)   CASE NO. 1:06CV00223(RMC)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant, Francis Harvey, Secretary of the Army, through his undersigned attorneys, hereby answers and otherwise responds to Plaintiff's Complaint. Defendant denies each and every allegation in the complaint that is not specifically admitted or otherwise qualified. Defendant reserves the right to assert any affirmative or other defenses that become known through discovery and seeks leave to amend its Answer to allege any such defenses and to assert any other defenses, claims, cross-claims and counterclaims as discovery and the evidence may merit.

## PARTIES AND JURISDICTION

1. Paragraph one contains allegations regarding jurisdiction to which no response is required. Should an answer be required, Defendant admits that that 42 U.S.C. § 2000e, *et. seq.*, is a proper jurisdictional basis to allege discrimination and retaliation in the federal workplace, but denies that jurisdiction exists in this case.

2. Admit that Plaintiff is female. Defendant lacks knowledge or information sufficient to form a response as to the Plaintiff's residency.

3. Paragraph three contains allegations regarding venue to which no response is required. Should an answer be required, Defendant admits that the complaint alleges events

taking place in the District of Columbia and that venue is proper in the District Court for the District of Columbia pursuant to 42 U.S.C. § 2000e, *et. seq*.

4. Admitted.

5. Admit that Plaintiff was an employee of Kelly Services, Inc. ("Kelly"), assigned by Kelly to perform tasks at Walter Reed Army Medical Center. Otherwise, denied.

6. Admitted

7. Paragraph 7 contains a conclusion of law to which no response is required. To the extent a response is deemed required, denied.

8. Defendant lacks knowledge or information sufficient to form a response regarding the date the EEOC mailed its decision to the Plaintiff.

9. Defendant lacks knowledge or information sufficient to form a response as to the instructions given to Plaintiff regarding the filing of her civil action. The remainder of paragraph 9 contains a conclusion of law to which no response is required.

## BACKGROUND FACTS

10. Admit Charles Ansley was and is a federal government employee, working for the Defendant. Admit that Ansley informed Plaintiff by telephone sometime prior to September 6, 2000, that Kelly Services was providing administrative support to the Infectious Disease Clinic via a contractual arrangement. Defendant lacks knowledge or information sufficient to form a response as to the date of the telephone call.

11. Deny that Mr. Ansley informed Plaintiff of a "job opportunity" in the Infectious Disease Clinic at Walter Reed, to the extent that "job opportunity" refers to federal employment. Otherwise, admitted.

12. Admit that Mr. Ansley knew that Plaintiff had previously provided services within the Infectious Disease Clinic as an employee of Sherikon and that her performance of duties was satisfactory to Mr. Ansley. Defendant lacks knowledge or information sufficient to form a response as to the specific dates cited in paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a response.

14. Admit that Mr. Ansley informed Plaintiff that Kelly Services was providing services to the Infectious Disease Clinic on a contractual basis. Otherwise, denied.

15. Defendant lacks knowledge or information sufficient to form a response as to Plaintiff's employment history with Kelly Services prior to September 2000.

16. Admitted.

17. Admit that the functions performed by Plaintiff included entering in-patient lab work into a computerized system, scheduling appointments for HIV patients and general clerical activities. Otherwise, denied.

18. Admitted.

19. Admit only that on or about May 2001, Sgt. Gregory Lawrence was transferred into the Infectious Disease Clinic as Noncommissioned Officer in Charge ("NCOIC"). Otherwise, denied.

20. A response is not required because, in a Memorandum Opinion dated January 11, 2007, the Court dismissed Plaintiff's claim related to these allegations. To the extent a response may be required, Defendant admits that Sgt. Lawrence sent emails containing sexual content to Plaintiff from Dept. of the Army computers during work hours. Otherwise, denied.

21. A response is not required because, in a Memorandum Opinion dated January 11, 2007, the Court dismissed the Plaintiff's claim related to these allegations. To the extent a

response may be required, admit that, on May 24, 2001, Sgt. Lawrence sent emails containing sexual content to Plaintiff. Otherwise, denied.

22. A response is not required because, in a Memorandum Opinion dated January 11, 2007, the Court dismissed the Plaintiff's claim related to these allegations. To the extent a response may be required, admit that Sgt. Lawrence sent emails containing sexual content to Plaintiff after May 24, 2001, until about June 25, 2001. Otherwise, denied.

23. Denied.

24. A response is not required because, in a Memorandum Opinion dated January 11, 2007, the Court dismissed the Plaintiff's claim related to these allegations. To the extent a response may be required, Defendant lacks knowledge or information sufficient to form a response.

25. A response is not required because, in a Memorandum Opinion dated January 11, 2007, the Court dismissed the Plaintiff's claim related to these allegations. To the extent a response may be required, denied.

26. A response is not required because, in a Memorandum Opinion dated January 11, 2007, the Court dismissed the Plaintiff's claim related to these allegations. To the extent a response may be required, denied.

27. A response is not required because, in a Memorandum Opinion dated January 11, 2007, the Court dismissed the Plaintiff's claim related to these allegations. To the extent a response may be required, denied.

28. Admit that on July 6, 2001, Plaintiff spoke to Charles Ansley in person, and to Lt. Col Clifton Hawkes by phone, concerning an incident with Sgt. Lawrence that day. Otherwise, denied.

29. Defendant lacks knowledge or information sufficient to form a response.

30. Defendant lacks knowledge or information sufficient to form a response.

31. Admit that Plaintiff had a telephone conversation with Dr. Hawkes on July 6, 2001. Admit that Dr. Hawkes informed Plaintiff in that conversation that he had spoken with Sgt. Lawrence. Admit that Dr. Hawkes told Plaintiff he wanted to have a meeting with her and Sgt. Lawrence so they could resolve the problem and continue to work together. The remainder of sentences 1 and 2 of paragraph 31 are denied. Defendant lacks knowledge or information sufficient to form a response to sentence 3 of paragraph 31.

32. Admit that Mr. Ansley telephoned Plaintiff on Sunday, July 8, 2001. Otherwise, denied.

33. Defendant lacks knowledge or information sufficient to form a response.

34. Defendant lacks knowledge or information sufficient to form a response.

35. Denied.

36. Defendant lacks knowledge or information sufficient to form a response.

37. As to the total length of phone calls between Plaintiff and Mr. Ansley, Defendant lacks knowledge or information sufficient to form a response. Defendant denies the remainder of the paragraph.

38. Defendant lacks knowledge or information sufficient to form a response.

39. Denied.

## **SEXUAL HARASSMENT**

40 – 47. A response is not required because, in a Memorandum Opinion dated January 11, 2007, the Court dismissed Plaintiff's Sexual Harassment claim. To the extent a response may be required, denied.

## RETALIATION

48. Defendant restates and incorporates by reference his answers to paragraphs 1 through 47 of the Complaint as set forth above.

49. Paragraph 49 contains a conclusion of law to which no response is required. To the extent a response is deemed required, admitted.

50. Denied.

51. Denied.

52. Denied.

53. The remainder of Plaintiff's Complaint, consists of a prayer for relief and demand for trial by jury and requires no response. To the extent that a response might be deemed necessary, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff lacks subject matter jurisdiction to bring these claims.

### SECOND DEFENSE

Plaintiff has failed to timely and properly exhaust her administrative remedies.

### THIRD DEFENSE

The Plaintiff fails to state a claim upon which relief can be granted. Plaintiff fails to state facts sufficient to constitute a cause of action based on retaliation.

### FOURTH DEFENSE

Plaintiff fails to prove a prima facie case of retaliation.

### FIFTH DEFENSE

The Defendant had legitimate, non-retaliatory reasons for taking the actions complained of in Plaintiff's Complaint.

### SIXTH DEFENSE

Even if retaliation was a motivating factor regarding any of the alleged retaliatory actions complained of, management would have made the same decisions Plaintiff complains of based on legitimate, non-retaliatory reasons.

### SEVENTH DEFENSE

The Defendant is not liable for punitive damages, pursuant to 42 U.S.C. § 1981a(b)(1).

### EIGHTH DEFENSE

Plaintiff failed to mitigate her damages.


Respectfully submitted,


_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar # 434122
Assistant United States Attorney


_____/s_____
STEVEN M. RANIERI
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895

OF COUNSEL:
Louise Schmidt
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837

**CERTIFICATE OF SERVICE**

  I hereby certify that on this ___th day of January, 2007, I caused the foregoing Answer to be served on Pro Se Plaintiff, by first class mail, postage prepaid addressed as follows:

  Elena Coles
  10118 Campus Way South, #203
  Upper Marlboro, MD 20774


         _____/s_____
          STEVEN M. RANIERI
          Special Assistant U.S. Attorney
          555 Fourth Street, N.W.,
          Washington, D.C. 20530
          (202) 353-9895