IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELENA COLES,<br><br>               Plaintiff,<br><br>               v.<br><br>THE HONORABLE PETE GEREN<br>Secretary, Department of the Army,<br><br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:06-cv-223<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

      IT IS HEREBY STIPULATED between the undersigned parties and their attorneys that this action be settled, compromised and dismissed in accordance with the following terms:

1. Plaintiff, Elena Coles, (hereinafter "plaintiff"), filed the above-captioned action against the Secretary of the Army, in his official capacity (hereinafter "defendant"). Plaintiff has brought the above-entitled action in the form of a Complaint under Title VII of the Civil Rights Act.

2. *Settlement Amount/Attorney's Fees:* In consideration of the release described below, and in full and final settlement of all claims brought by plaintiff, the defendant hereby agrees to settle with plaintiff by paying the total sum of SIXTY-FIVE THOUSAND AND NO/100 DOLLARS ($65,000.00) inclusive of any and all attorney's fees and costs.

3. *No Admission of Liability:* This settlement agreement is not and shall not be construed as an admission by the defendant of the truth of any allegation or the validity of any claim asserted in this lawsuit, or of the defendant's liability therein. Furthermore, none of the terms of the settlement agreement may be offered or received in evidence or in any way referred to in any civil, criminal or administrative action or proceeding other than proceedings that may be necessary to consummate or enforce this settlement agreement.

4. *Release:* Plaintiff for herself, her heirs and personal representatives, fully and forever releases, acquits and discharges defendant, and the components, agents, employees and former employees of the United States Army, either in their official or individual capacities, from any and all claims, demands, and causes of action of every kind, nature or description expressly including, without limitation, any alleged violation of Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; whether known or unknown, which plaintiff may have had, may now have, or may hereafter discover arising out of or in connection with any event occurring prior to the date of this Settlement Stipulation, including, without limitation, events relating to plaintiff's employment with defendant, and claims for personal injury, emotional distress, or future claims of wrongful death.

In connection with such waiver and relinquishment, plaintiff acknowledges that she is aware that she may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know, with respect to the matters released herein. Nevertheless, it is the intention of plaintiff through this release, and with the advice of counsel, to settle and release all such matters, and all claims relative thereto, which heretofore have existed, now exist, or hereafter may exist between plaintiff and defendant, or the components, agents, employees and former employees of the United States Army, individually, and/or in their official capacities, arising out of the circumstances encompassed by this release.

5. *No Assignment Indemnification:* Plaintiff represents and warrants that she is the sole and lawful owner of all rights, title and interests in and to every claim and other matter which they purport to release herein, and that she has not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released. The plaintiff shall indemnify the defendant, and any of its departments, components, and current or former employees, whether in their official or individual capacities, against, and defend and hold harmless from, any claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein.

6. *Violation of Warranties and Representations:* Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this agreement shall be refunded promptly by plaintiff, together with interest thereon at the rates provided in 41 U.S.C. § 611.

7. *Payment Mechanism:* Payment of the settlement amount in paragraph 2 will be made by one check drawn on the Treasury of the United States payable to plaintiff's attorney, James Q. Butler.

8. *Dismissal with Prejudice.* At the time this Settlement Stipulation is filed with the Court, Plaintiff agrees to file a stipulation of dismissal with prejudice in this action, or any other documents necessary to ensure this action is dismissed with prejudice, and without costs from the docket of the Court. Plaintiff further agrees to withdraw and dismiss any EEO matters or other administrative actions currently pending with the Department of the Army, Equal Employment Opportunity Commission, or Merit Systems Protection Board.

9. *Tax Consequences:* Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of plaintiff. The agency will not deduct taxes from the lump sum payment. In exchange for the payment of the sum stated in paragraph 2 above, plaintiff acknowledges that: (i) any obligation by plaintiff to pay taxes on any portion of funds received as a result of this Settlement Stipulation is her obligation and not that of defendant; (ii) defendant is not withholding any taxes on any payment under this Settlement Stipulation; and (3) neither the defendant or its legal counsel are making any representations about whether any portion of any payment made under this Settlement Stipulation is taxable. Rather, plaintiff acknowledges that she is to obtain independent and competent advice from a tax professional as to such issues.

10. *Merger Clause:* This Settlement Stipulation contains the entire agreement between the parties hereto, and plaintiff acknowledges and agrees that no promise or representation not contained herein has been made to her, and she acknowledges and

represents that this Settlement Stipulation contains the entire understanding between the parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this Settlement Stipulation reflect any agreed-upon purpose other than the desire of the parties to reach a full and final conclusion of the litigation and to resolve that suit without the time and expense of further litigation.

11. *Amendments:* This Settlement Stipulation cannot be modified or amended except by an instrument in writing, agreed to and signed by the parties, nor shall any provision hereof be waived other than by a written waiver, signed by the parties.

12. *Binding Successors:* This Settlement Stipulation shall be binding upon and inure to the benefit of the plaintiff and the defendant and their respective heirs, executors, successors, assigns, and personal representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto, or having an interest herein.

13. *Severability:* The provisions of this Stipulation shall be deemed severable, and any invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of the other provisions herein.

14. *Consultation with Counsel:* Plaintiff acknowledges that she has discussed this Settlement Stipulation with her counsel, who has explained these documents to her and that she understands all of the terms and conditions set forth herein. Plaintiff further acknowledges that she has read this Stipulation, understands the contents thereof, and executes this Settlement Stipulation of her own free act and deed.

15. *Capacity to Enter into this Stipulation:* The undersigned represent that they are fully authorized to enter into this agreement for themselves, or on behalf of the parties they represent.

16. *Counterpart Signatures:* This Stipulation may be executed in counterparts, each of which shall constitute together but one and the same instrument.

      IN WITNESS HEREOF, plaintiff and defendant, in full understanding of the terms of this Stipulation, intending to be legally bound, have set their signatures to this agreement, as of the dates reflected below:

FOR THE PLAINTIFF:

_____        7-29-2008_____
Elena Coles                                                                    Date

Agreed to as to Form and Substance by Plaintiff's Attorney:

_____  　　　7/29/08
James Q. Butler, Esquire　　　　　　　Date

FOR THE DEFENDANT:

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS D.C. Bar # 434122
Assistant United States Attorney

_____
Lanny J. Acosta, Jr.
Special Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202-307-2332

It is this _____ day of _____, 2008, hereby Ordered that this action is dismissed with prejudice subject to the terms and conditions set forth herein.

_____
Rosemary M. Collyer
United States District Judge